THOMAS P. QUINN, JR. (SBN 132268)
NOKES & QUINN APC
410 BROADWAY, STE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVER CRISTOBAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No.: 3:16-cv-06328-RS<br><br>**DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**Date: March 30, 2017**<br>**Time: 1:30 p.m.**<br>**Courtroom: 3, 17th Floor**<br><br>**The Honorable Richard Seeborg** |

---

DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

## I. INTRODUCTION

In his Opposition to Defendant Equifax, Inc.'s ("Equifax's") Motion to Dismiss ("Opp."), Plaintiff argues that the information furnished by co-defendant Creditors Credit First, National Association ("Credit First") and Barclay's Bank Delaware ("Barclay's") and allegedly reported[1] on his credit report after the confirmation (not discharge) of his Chapter 13 bankruptcy plan was inaccurate and misleading. (Opp., p. 6.) Plaintiff would have this Court ignore the unanimous view of many courts, including decisions from six different judges in this District alone, that the historical derogatory reporting of an account during the pendency of a bankruptcy proceeding is not inaccurate under the FCRA. *See, e.g, Mortimer v. Bank of America, N.A.*, No. C-12-01959-JCS, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013). Since Equifax filed its Initial Motion, four more decisions in this District have reaffirmed that conclusion. *See Doster v. Experian Info. Sols., Inc.*, 2017 WL 264401, at *4-7 (N.D. Cal. Jan. 20, 2017); *Connors v. Experian Info Sols, Inc.*, 2017 WL 168493, at *4-5 (N.D. Cal. Jan. 17, 2017); *Keller v. Experian Info. Sols., Inc.*, 2017 WL 130285, at *8 (N.D. Cal. Jan. 13, 2017); *Devincenzi v. Experian Info. Sols., Inc.*, 2017 WL 86131, at *7 (N.D. Cal. Jan. 10, 2017). Plaintiff urges this Court not to follow *Mortimer* and its progeny and argues that the recent decisions dismissing the virtually identical Complaint got it wrong. But no authority supports Plaintiff's efforts to use the FCRA to modify how debts subject to Chapter 13 proceedings are reported, and many courts have rejected his policy arguments. Plaintiff's emphasis on the industry guidelines promulgated by the CDIA is misplaced and unavailing.

Plaintiff claims the confirmation order is "res judicata" as to the modified rights and liabilities of the debtor and his creditors – the parties to the plan.

---

[1] Plaintiff's Opposition does not address Equifax's argument that it is not a CRA as that term is defined by the FCRA and is therefore an improper party to this action.

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 1 -

DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

Equifax is not capable, however, of resolving a legal dispute between Plaintiff and his creditors over how accounts should be reported during the pendency of his bankruptcy case, nor is Equifax obligated to do so under the FCRA. Because Plaintiff's entire suit is premised on the *legal impact* that the confirmation of his bankruptcy plan may have had on his various account obligations, Plaintiff cannot state a cause of action under the FCRA against Equifax.

And though Plaintiff notes that he alleged (apparently in the alternative) in his Complaint that Equifax did not send an Automated Consumer Dispute Verification ("ACDV") to the co-defendant furnishers, he also pleaded that Equifax *did* send the furnishers notification that Plaintiff was disputing the accuracy of what they were reporting to Equifax. (Compl., ¶¶ 109, 127.) Under Plaintiff's own Complaint, then, Equifax did comply with its obligations to notify Credit First and Barclay's of Plaintiff's dispute under the FCRA.

Moreover, Plaintiff fails to address Equifax's argument that Plaintiff does not adequately allege that Equifax acted either willfully or negligently, as required under the FCRA.

Permitting Plaintiff to amend his Complaint would be futile. For all the foregoing reasons and as set forth in Equifax's initial Motion, the Motion should be granted with prejudice.

## II.   ARGUMENT

A. <u>Plaintiff Has Not Pled the Existence of an Actionable Inaccuracy</u>.

While Plaintiff alleges that Equifax "failed to conduct a reasonable investigation" of his account information as required by the FCRA, he also alleges that each CRA sent each creditor notification that Plaintiff was disputing the accuracy of what it was reporting to them[2]. (Compl., ¶¶ 109, 128, 135.) Thus,

---

[2] Plaintiff apparently alleges in the alternative that Equifax "failed to send an ACDV" to the Creditor Defendants. (Opp., p. 7.)

1  Equifax did comply – by Plaintiff's own admission – with its statutory duty to
2  notify the furnishers of Plaintiff's dispute, and the Complaint should be dismissed
3  for this reason alone.

4  Nevertheless, the law is clear that in order to state a prima facie claim under
5  the FCRA for failure to perform a reasonable reinvestigation, Plaintiff must allege,
6  among other elements, that an inaccuracy existed in his credit report. *Carvalho v.*
7  *Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although
8  the FCRA "does not on its face require that an actual inaccuracy exist for a plaintiff
9  to state a claim, many courts, including our own, have imposed such a
10 requirement").  Tellingly, Plaintiff does not allege, and does not argue in his
11 Opposition, that Equifax was reporting the original contracts with Credit First and
12 Barclay's incorrectly, that he has paid these creditors in full, that he has obtained a
13 discharge of the debts, or that he does not owe any amount to Credit First and
14 Barclay's. Instead, Plaintiff alleges that due to the confirmation (not discharge) of
15 his bankruptcy plan, his original debt obligations were modified.

16 Six different judges in this District alone have concluded that there is nothing
17 inaccurate or misleading about reporting information about delinquent accounts
18 while a bankruptcy petition is pending and before a discharge order has been
19 entered. *See, e.g.*, *Doster*, 2017 WL 264401, at *4-7 ("[E]ven if Plaintiff is correct
20 that Plaintiff's credit report did not reflect the terms of Plaintiff's Chapter 13
21 bankruptcy plan, this would not be an inaccurate or misleading statement that could
22 sustain a FCRA claim."); *Connors*, 2017 WL 158493, at *4 (same).[3]

---

[3] *See also Keller*, 2017 WL 130285, at *8 ("[T]he Court rejects Plaintiff's argument that his credit report was misleading or inaccurate for reporting delinquent debt during the pendency of his Chapter 13 bankruptcy."); *Devincenzi*, 2017 WL 86131, at *7 ("The Court finds as a matter of law that reporting a delinquent debt during the pendency of a bankruptcy is not inaccurate or misleading, and thus these claims are dismissed with prejudice."); *Jaras v. Experian Info. Solutions, Inc.*, 2016 WL 7337540, at *3 (N.D. Cal. Dec. 19, 2016); *Adkins v. Experian Info. Sols., Inc.*, 2016 WL 6841700, at *2-4 (N.D. Cal. Oct. 7, 2016); *Biggs v. Experian Info. Sols., Inc.*, __ F. Supp. 3d __, 2016 WL 5235043, at *2-4 (N.D. Cal. Sept. 22, 2016); *Blakeney v. Experian Info. Sols., Inc.*, 2016 WL 4270244, at *5 (N.D. Cal. Aug. 15, 2016); *Mestayer v. Experian Info. Sols., Inc.*, 2016 WL 631980, at *3 (N.D. Cal. Feb. 17,

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 3 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

Plaintiff responds with two unconvincing arguments: (1) Plaintiff claims that a Chapter 13 confirmation order modifies pre-existing debts and creates a new contract, the terms of which must then be reported and; (2) Plaintiff claims that he can maintain an FCRA claim based on alleged deviations from industry guidelines.

First, it is settled law in this district that a Chapter 13 confirmation order does not alter a legal debt's status. Plaintiff's position has been repeatedly rejected in this District. For example, in *Jaras*, the same lawyers that represent Plaintiff here argued that "under the principle of *res judicata* a credit report is not accurate unless it reflects the terms of the Chapter 13 plan." 2016 WL 7337540, at *4. In rejecting this argument, Judge Koh observed that "even if a confirmation order constitutes a final judgment, it constitutes a final judgment only as to the manner in which the debtor will discharge his financial obligations, not the legal validity of the debt." *Id.* (internal quotations marks omitted). Any "arguments based on *res judicata* are unavailing because a confirmation order does not constitute a final determination of the amount of the debt." *Id*; *see also Keller*, 2017 WL 130285, at *6 ("As discussed at length in *Jaras*, *Blakeney*, and other cases, the legal status of a debt does not change until the debtor is discharged from bankruptcy. . . . Thus, a confirmation order does not constitute a final determination of the amount of the debt, and it is not misleading or inaccurate to report delinquent debt during the pendency of a bankruptcy proceeding but before discharge."). Thus, as here, pre-discharge, Equifax may continue to report historically accurate information about Plaintiff's delinquent accounts without regard for the terms of the confirmed plan.

In his Opposition, Plaintiff conflates bankruptcy ideals with credit reporting, and the cited cases are wholly irrelevant bankruptcy cases that do not involve claims under the FCRA. The instant lawsuit does not present any reason to ignore the

---

2016); *Giovanni v. Bank of Am., N.A.*, 2013 WL 1663335, at *5-6 (N.D. Cal. Apr. 17, 2013); *Mortimer*, 2013 WL 1501452, at *10; *Harrold v. Experian Info. Sols., Inc.*, 2012 WL 4097708, at *4 (N.D. Cal. Sept. 17, 2012).

- 4 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

settled case law that exists in this jurisdiction. Because Plaintiff cannot find any supporting case law, he makes policy arguments about how he believes debts should be reporting post-confirmation but this forum is not the place for such arguments.

Second, even taking Plaintiff's allegations about the supposed force of the CDIA guidelines and Metro 2 format as true, "[t]o the extent that the account was delinquent during the pendency of the bankruptcy, failure to comply with the CDIA guidelines does not render the report incorrect." *Mortimer v. Bank of America, N.A.*, 2013 WL 1501452, at *12. *See also Doster v. Experian Info. Solns.*, 2017 WL 264401, at *5 (N.D. Cal. Jan. 20, 2017) ("courts in this district have repeatedly held that accurately reporting a debt during the pendency of a bankruptcy is not rendered unlawful simply because a plaintiff alleges that the reporting, though accurate, was inconsistent with industry standards"); *Keller*, 2017 WL 130285, at *7 (same); *Connors*, 2017 WL 158493, at *4 (same).

Plaintiff misplaces reliance on *Cassara v. DAC Services*, 276 F.3d 1210, 1217 (10th Cir. 2002), which involves employment history reporting and does not mention Metro 2 or any other credit reporting guidelines, and on *Dreher v. Experian Information Solutions, Inc.*, 2013 WL 2389878 (E.D. Va. May 30, 2013), which likewise does not involve the reporting of debt during a bankruptcy proceeding or any Metro 2 guidance that may be relevant here.

In sum, Plaintiff has failed to state a claim against Equifax for failure to perform a reasonable reinvestigation because there has been no actionable inaccuracy in the reporting of these accounts on Plaintiff's credit file, and the Complaint thus should be dismissed against it.

B. <u>Equifax is Not Capable of Determining, Nor Required to Determine, the Legal Status of Plaintiff's Debts with Credit First and Barclay's under the FCRA</u>.

Plaintiff argues that even though his bankruptcy proceeding has not been

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 5 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

discharged, because the Bankruptcy Court modified his contractual obligations ("despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization" with respect to each named creditor), the reporting of any past due amounts, balances, and/or collection status during the pendency of his bankruptcy was inaccurate.

Whether the confirmation (not completion) of his bankruptcy plan had the legal effect of immediately and permanently overriding the contractual terms of Plaintiff's debts with Credit First and Barclay's is a legal dispute Equifax is unable to resolve. Nor would it be appropriate to require Equifax to try to determine the legal status of Plaintiff's debts prior to their discharge based on the specific language of his Chapter 13 plan. "Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Carvalho*, 629 F.3d at 891; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) (Defendant is "neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law"); *Hupfauer v. Citibank, N.A.,* No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, at *22-23 (N.D. Ill. Aug. 19, 2016); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008). "With respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer, and its responsibility is to '*re* investigate' a matter once already investigated in the first place." *Carvalho*, 629 F.3d at 892 (citations omitted).

Equifax is not a party to the Plaintiff's bankruptcy proceeding. Hence, Plaintiff, who is disputing the legal validity of two debts that appear on his credit report, should first attempt to resolve the matters directly with Credit First and Barclay's, which "stand[] in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Gorman v. Wolpoff &*

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 6 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

*Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009). A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits. The *In re Layo* case cited by Plaintiff, 460 F.3d 289 (2nd Cir. 2006), further illuminates Equifax's point. The Court in *In re Layo* discusses the test for *res judicata* in bankruptcy proceedings involving a plan of reorganization:

> To determine whether the doctrine of res judicata bars a subsequent action [under the Bankruptcy Code], we consider whether 1) the prior decision was a final judgment on the merits, 2) ***the litigants were the same parties***, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same.

*In re Layo* 460 F.3d at 292 (citations omitted). Equifax was indisputably not a party to the Plaintiff's bankruptcy. If *res judicata* attaches to the confirmation of Plaintiff's bankruptcy plan, the parties to that bankruptcy are in a superior position to know what the terms of said plan are.

Plaintiff argues that Equifax's reliance on *Carvalho* and *DeAndrade* "ignores the impact of a chapter 13 confirmation order and exhibit[s] a misunderstanding of the confirmation process" (Opp., p. 20), but it is Plaintiff who misunderstands the legal ramifications of confirmation (or lack thereof) in the credit reporting context, as discussed above. No court has embraced Plaintiff's view of the legal effect that a Chapter 13 confirmation order has on underlying debts.

As Equifax did comply with its obligations to notify Credit First and Barclay's of the Plaintiff's dispute, and was in no position to make a legal determination regarding the terms or effect of Plaintiff's confirmation order (nor was it required to do so under the FCRA), Plaintiff's Complaint should be dismissed against it.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed. And

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 7 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

1  not only dismissed but dismissed with prejudice.  Like the court found in *Carvalho*,
2  any amendment of Plaintiff's claims here would be futile because they "clearly are
3  foreclosed by the inaccuracy requirement[s]." *Carvalho*, 629 F.3d at 892; *see also*
4  *Denison v. CitiFinancial Servicing, LLC,* No. C 16-00432 WHA, 2016 WL
5  3443380, at *1 (N.D. Cal. June 23, 2016) (dismissing FCRA reinvestigation claim
6  with prejudice).

9  Dated: February 6, 2017                NOKES & QUINN

11                                          /s/ Thomas P. Quinn, Jr.
                                          THOMAS P. QUINN, JR.
12                                        Attorneys for Defendant
                                          EQUIFAX, INC.

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 8 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

# CERTIFICATE OF SERVICE
**Oliver Cristobal v. Experian Information Solutions, Inc., et al.**
**Case No.: 3:16-cv-06328-RS**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On **February 6, 2017**, I served a true copy of:

**DEFENDANT EQUIFAX, INC.'S**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.

Place of Mailing: Laguna Beach, California.

Executed on **February 6, 2017,** at Laguna Beach, California.

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

# SERVICE LIST

**Elliot Wayne Gale**
**Scott Joseph Sagaria**
**Scott Matthew Johnson**
**Joe B. Angelo**
Sagaria Law, P.C.
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288
Fax: 408-279-2299
Email: egale@sagarialaw.com
Email: sjsagaria@sagarialaw.com
Email: sjohnson@sagarialaw.com
Email: jangelo@sagarialaw.com
*Attorneys for Plaintiff*

**Heather Nicole Fugitt**
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3939
Fax: 650-739-3900
Email: hfugitt@jonesday.com
**Benjamin Chung Lee**
**Alexandra Alford McDonald**
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
415-875-5848
Email: blee@jonesday.com
Email: amcdonald@jonesday.com
*Attorneys for Defendant Experian Information Solutions, Inc.*

**Le T Duong**
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
415-543-8700
Fax: 415-391-8269
Email: lduong@reedsmith.com
*Attorneys for Defendant Barclay's Bank Delaware*